1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

9   Jon Rolland Martin,                          No. CV-13-00381-PHX-ROS

10                      Petitioner,              **ORDER**

11   v.

12   Charles L. Ryan, et al.,

13                      Respondents.

14
15
16
17

        Before the Court are Petitioner Martin's objections to the findings and recommendations ("R & R") of the Magistrate Judge. (Doc. 24). For the following reasons, the R & R will be adopted.

18                              **BACKGROUND**

19        On November 9, 2007, Jon Rolland Martin ("Martin") was convicted in Pinal
20   County Superior Court for three counts of aggravated assault on a peace officer. For each
21   count, he was sentenced to 15 years in prison, to run consecutively for a total of 45 years.
22   The basis for Martin's conviction was a February 2006 encounter with police at Martin's
23   home. The Pinal County Sheriff's Office ("PCSO") sent a S.W.A.T. team of 10 officers
24   to the home to execute a search warrant. According to the PCSO's incident report,
25   "[a]fter the notification of the pending search warrant," the team attempted to call Martin
26   out of his home. At that point, the report states Martin "opened the door and yelled 'I'm
27   going to shoot the cop who comes through the door'. [sic]." One officer supposedly saw a
28   "'pump shot gun' and then heard the sound of a round being engaged into the breach."

1    The state eventually conceded that, in the search of Martin's home that followed, only a

2    single action, not a pump action, shotgun was found. At trial, defense counsel elicited

3    testimony from one of the officers that a single action shotgun does not make the sound

4    made by a pump action shotgun. Martin maintained throughout trial that he was not

5    aware the persons attempting to enter his home were police officers.

6        Martin appealed the conviction through counsel, arguing: (1) denial of due process

7    and Sixth Amendment rights by permitting the use of aggravation factors previously

8    precluded, namely the racking of a pump action shotgun before the jury during the

9    prosecution's opening statement; (2) error in the exclusion of corroborative testimony by

10   Martin's sister; and (3) improper vouching by the trial court for a victim/witness's

11   credibility. Martin ultimately withdrew the third claim, and the Arizona Court of Appeals

12   rejected the other two. The Arizona Supreme Court denied review.

13       Martin applied through counsel for post-conviction review, arguing: (1) the jury

14   instructions failed to comport with the indictment; (2) the "racking" of a pump action

15   shotgun during the prosecution's opening statement constituted improper use of graphic

16   demonstration; and (3) ineffective assistance of counsel for failure to impeach officer

17   testimony with a contradictory incident report, failure to call a witness on the lack of

18   pump shotgun at the house, and failure to call a witness on the callout by police.[1] The

19   superior court found the first two issues precluded by Martin's failure to raise them on

20   direct appeal; it also found they lacked merit. The court found counsel made reasonable

21   tactical decisions and was not ineffective. The court of appeals also denied relief.

22       Martin's second petition purported to be based on newly discovered facts. He

23   argued ineffective assistance of appellate counsel for failure to raise the later precluded

24   issues he raised in his first petition on direct appeal. Martin did not know appellate

25   counsel had been ineffective, he claimed, until the superior court informed him of the

26   preclusive effect of failing to raise the issues in his first appeal. The superior court denied

27

28       [1] Martin also raised two factual matters—whether Martin knew the officers were
     police and whether he racked a pump action shotgun—which the court declined to
     review.

the second petition, stating, "[T]he fact that the Court ruled that these matters were precluded does not establish that they had sufficient merit to be included in the appeal by appellate counsel. In fact, the Court clearly indicated in the ruling that these arguments were without merit." Martin's third notice of post-conviction relief was untimely and failed to show newly discovered evidence. The superior court summarily dismissed the notice. The Arizona Supreme Court denied Martin's request to present an untimely petition for review.

On February 21, 2013, Martin filed his federal petition for writ of habeas corpus. Petitioner claims: (1) the trial court erred in excluding corroborative testimony by Martin's sister; (2) violation of his Fifth, Sixth, and Fourteenth Amendment rights to due process and an impartial jury by virtue of the "racking" of the shotgun in front of the jury and the presentation of officer testimony inconsistent with the PCSO's incident report; (3) ineffective assistance of trial counsel as a result of failure to conduct adequate investigation, provide Petitioner with deposition transcripts or police reports, object to the shotgun demonstration at trial, object to officers' remaining in the courtroom during trial, and impeach officer testimony with the incident report; and (4) ineffective assistance of appellate counsel. On March 10, 2014, the Magistrate Judge issued a report recommending denial of the petition. The Magistrate found all but part three of ground three of the petition procedurally barred without cause and prejudice. The Magistrate evaluated part three, ground three (ineffective assistance of trial counsel for failure to object to shotgun demonstration at trial) on the merits and found counsel's decision not to object at trial reasonable because the demonstration "emphasized the primary hole in the prosecution's case, namely the absence of a pump action shotgun."

## ANALYSIS

### I. Standard of Review for Report and Recommendation

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the magistrate judge's report and recommendations ("R & R"), the district court's review of the part objected to is to be *de novo. Id. See also*

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Mortensen v. BAC Home Loans Servicing, LP*, 1:10-CV-00298-EJL, 2013 WL 943085 (D. Idaho Mar. 8, 2013). Rather, a district judge must only review "findings and recommendations *de novo if objection is made.*" *Reyna-Tapia*, 328 F.3d at 1122; *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [R & R] to which objection is made."). Although the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R & R, rather than specific objections, the Court is relieved of any obligation to review it. *See, e.g.*, *Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) ("[A] general objection 'has the same effect as would a failure to object.'"); *Gutierrez v. Flannican*, CV-05-2981PHXDGCDKD, 2006 WL 2816599 (D. Ariz. Sept. 29, 2006) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984); *Lockert v. Faulkner,* 843 F.2d 1015, 1019 (7th Cir. 1988); *Howard v. Sec. of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991); *United States v. One Parcel of Real Prop*., 73 F.3d 1057, 1060 (10th Cir. 1996)).

## II. Petitioner Fails to Make Specific Objections

The R & R is considerably detailed and meticulously sorts each of Petitioner's claims, applying the myriad procedural rules of habeas corpus to the history of Petitioner's case. Petitioner's most specific objection is that the R & R contradicts an earlier magistrate order. However, the statements to which Petitioner points—one concerning the Magistrate's tentative finding of exhaustion and another explaining the Magistrate's decision not to investigate missing pages from the incident report—are unrelated. The remainder of Petitioner's objection consists of criticisms of the justice system and prosecutors' conduct, generally. He does not object to the Magistrate's findings of procedural bar or reasonableness of counsel. This is insufficient to trigger *de novo* review of those findings. Therefore, the R & R will be adopted in full.

1    Accordingly,

2    **IT IS ORDERED** the Magistrate Judge's report and recommendation (Doc. 23) is

3    **ADOPTED**. Petitioner's objections (Doc. 24) are **OVERRULED**, and the petition (Doc.

4    1) is **DENIED**.

5    **IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED** because

6    Petitioner has not made a substantial showing of the denial of a constitutional right.

7    Dated this 23rd day of October, 2014.

8

9

10   _____

11   Honorable Roslyn O. Silver
     Senior United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28